IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHER DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, 10 S. Howard Street, Suite 3000 Baltimore, MD 21201 | ) ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| MITCHELL PLUMBING & HEATING, INC., 8634 Sandy Plains Road Baltimore, MD 21222 | ) ) ) | COMPLAINT JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Tracy D. Welsh who was subjected to unlawful sexual harassment. The Commission alleges that Mitchell Plumbing & Heating, Inc. is liable for discriminating against Tracy D. Welsh by subjecting her to a sexually hostile work environment based on her sex. As alleged with greater particularity in paragraphs 7 and 8 below, Ms. Welsh was subjected to unwanted touching and repeated sexual comments. This sexual harassment was sufficiently severe and pervasive enough to alter the conditions of Ms. Welsh's employment and to create an abusive working environment so intolerable that Ms. Welsh had no option but to resign, and was constructively discharged.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3). ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for District of Maryland, Northern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Mitchell Plumbing & Heating, Inc. (the "Employer"), has continuously been a Maryland Corporation doing business in the State of Maryland and the City of Baltimore, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

*2*

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Tracy D. Welsh filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least November 2003, Defendant Employer engaged in unlawful employment practices at their Baltimore facility in continuing violation of Section 703(a) of Title VII, 42 U.C.S. §2000e-2(a). Defendant Employer has subjected Tracy D. Welsh to a sexually hostile work environment on the basis of her sex. Specifically, Defendant's owner's son regularly touched Ms. Welsh in a sexual manner, and repeatedly made lewd and sexually suggestive comments to her. Defendant Employer tolerated this sexual harassment, and did nothing to stop it despite Ms. Welsh's complaints.

8.      Defendant Employer's sexual harassment was sufficiently severe and pervasive enough to alter the conditions of Ms. Welsh's employment and to create an abusive working environment so intolerable that she had no option but to resign, and was constructively discharged from her position as an assistant office manager.

9.      The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Tracy D. Welsh of equal employment opportunities and otherwise adversely affect her status as employees, because of her sex.

10.      The unlawful employment practices complained of in paragraphs 7 and 8 above were and are intentional.

11.    The unlawful employment practices complained of in paragraphs 7 and 8 above were and are done with malice or with reckless indifference to the federally protected rights of Tracy D. Welsh.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from subjecting women to a sexually hostile work environment because of their sex and from engaging in any other employment practice which discriminates on the basis of sex.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to make whole Tracy D. Welsh by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendant Employer to make whole Tracy D. Welsh, who was subjected to a sexually hostile work environment by Defendant because of her sex, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, in amounts to be determined at trial.

E.    Order Defendant Employer to make whole Tracy D. Welsh, who was subjected to a sexually hostile work by providing compensation for past and future nonpecuniary losses

4

resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to determined at trial.

F.     Order Defendant Employer to pay punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

GERALD S. KIEL
Regional Attorney

DEBRA M. LAWRENCE
Supervisory Trial Attorney

REGINA M. ANDREW
Trial Attorney, Bar No. 07756

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

5

Baltimore District Office
10 S. Howard Street, S 3000
Baltimore, Maryland 21201
(410) 962-4220